IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENE VENITA JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:19-cv-177-SPB |
| ) | |
| **CITY OF ERIE POLICE** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION

This civil action arises out of an incident in which the Plaintiff, Rene Venita Johnson, was assaulted by a neighbor who resided within the same apartment complex in the City of Erie, Pennsylvania. Plaintiff commenced this action on June 28, 2019, with the filing of a motion for leave to proceed *in forma pauperis* and the lodging of a *pro se* complaint. See ECF Nos. 1 and 1-1. On August 13, 2019, the Court granted Plaintiff's *in forma pauperis* motion and her complaint was filed that same day. See ECF Nos. 4, 7.

In her complaint, Plaintiff alleges the violation of unspecified federal rights and seeks redress under 42 U.S.C. §1983. She directs her complaint against the following Defendants, *to wit*: the City of Erie Police Department, the City of Erie Mayor's Office, Michael Outlaw (allegedly, the Mayor's assistant), Deputy Chief of Police Mike Nolan, Officer in Charge C. Furhman,[1] Officer "Green," and Officer Rob Wierbinski.

Pending before the Court is the Defendants' Amended Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment. See ECF No. 19. For the reasons that follow, the Defendants' motion to dismiss will be granted, but Plaintiff will be given leave to amend her

---

[1] The docket incorrectly identifies this Defendant as "C. Furlman." The Clerk is hereby requested to correct this discrepancy.

1

complaint, to the extent discussed below. Defendants' alternative motion for summary judgment will be dismissed without prejudice to be reasserted at a later point in these proceedings, if warranted.

## I.     Background

Plaintiff is a resident of the City of Erie who lives in a non-profit senior living community known as "Methodist Towers." ECF No. 7 at 9. She alleges that, on June 2, 2018, a resident neighbor entered her apartment without her consent and "forcefully, violently, and aggressively," subjected her to a "beat down," resulting in both "physical harm" to her as well as "a serious traumatic condition." Id. Plaintiff avers that "no action was taken by the [Erie Police Department] to apprehend the assailant at that time." Id. She states that "EPD did nothing to help [her situation], only to make it worst [sic] than what [she] had already experienced from [her] attacker." Id. With respect to the individual police officers who have been named as Defendants, Plaintiff alleges the following:

- Officer Green "allowed" the assailant "to go sleep off his drunkenness after he beat [Plaintiff]," and thereby "walked away from a felony without filing a report or following proper protocol." ECF No. 7 at 7. Moreover, Green "was sexi[st] and racist in his actions" and made a "decision" that resulted in Plaintiff "not being able to receive crisis services." Id.

- Defendant "Furhman" was the "Officer in Charge" on the day in question. ECF No. 7 at 7. He was allegedly informed by Plaintiff's family member of "this officers' misconduct and did nothing to prevent th[e] situation from escalating." Id.

- Deputy Chief Nolan was allegedly given a "bogus incident report" that kept Plaintiff "from services reindered [sic]." ECF No. 7 at 7.

- Officer Wierbinski allegedly wrote the "bogus report" that prevented Plaintiff from receiving any crises services. ECF No. 7 at 7. This officer also attended a hearing and "did not assist [Plaintiff's] situation w/ report after the verdict." Id.

2

Defendant Outlaw, who is alleged to be the Mayor's "assistant" and/or "representative," scheduled a meeting on June 18, 2018 to discuss the incident with Plaintiff and her family. ECF No. 7 at 9. According to the complaint, Outlaw raised the issue of the assailant's age during the course of the meeting, stating that Plaintiff "should understand the man is over 70." Id. Thereafter, Outlaw "continued to call" Plaintiff at her home "[with] nothing to say but, 'What's your next move?'" Id. Plaintiff states that she felt "harassed" by this conduct. Id.

Based upon the foregoing averments, Plaintiff seeks redress under 42 U.S.C. §1983. ECF No. 7 at 5. As compensation for her perceived injuries, she requests $5 million in damages. Id. at 6.

Defendants filed the pending motion, and a supporting brief, on January 13, 2020. ECF Nos. 19 and 20. Therein, they request dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff has failed to state a claim upon which relief can be granted. Alternatively, they request entry of summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has had an opportunity to respond to the motion, which is now ripe for adjudication.

## II.     Standard of Review

When considering a Rule 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

Because Plaintiff is proceeding *pro se,* the Court must employ less stringent standards when reviewing the complaint than it would apply if it were judging the work product of an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from both what is alleged and what is not alleged. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nam v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Nevertheless, even a *pro se* plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21 (internal quotation marks and citation omitted). When a district court dismisses a claim under Rule 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).

Because Plaintiff is proceeding *in forma pauperis,* this Court has an independent obligation under 28 U.S.C. § 1915(e) to consider the sufficiency of his claims and to dismiss the claims, *sua sponte*, if they fail to state a claim upon which relief can be granted. *See id.*

4

§1915(e)(2)(B).  In conducting this analysis, the Court applies the same standard as would apply under a Rule 12(b)(6) analysis.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Finally, we consider the proper scope of our review.  When analyzing a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the pleadings, documents attached thereto as exhibits, and matters of judicial notice.  *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If additional materials outside the pleadings are presented to the Court, and the Court incorporates those materials into its analysis, the Rule 12(b)(6) motion will be converted, upon notice to the parties, into a summary judgment motion pursuant to Rule 56.  *See* Fed. R. Civ. P. 12(d) and 56.  However, as an exception, courts may consider documents that are "integral to or explicitly relied upon in the complaint...without converting the motion to dismiss into one for summary judgment."  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d. Cir. 2014) (*quoting In re Burlington Coat Factory Sec. Litg*., 114 F.3d 1410 (3d. Cir. 1997)).

Here, the Defendants have appended three exhibits to their motion:  (i) a police report authored by Defendant Wierbinski relative to the incident in question, ECF No. 19-1; (ii) a magisterial district court docket sheet concerning summary criminal proceedings against Hector M. Claudio, which also appears to relate to the incident in question, ECF No. 19-2; and (iii) a letter that defense counsel sent to Plaintiff in an attempt to highlight perceived deficiencies in Plaintiff's pleading, ECF No. 19-3.  The first exhibit is integral to the complaint in that it appears to be the very report that Plaintiff references in her pleading and that forms the basis of her claim against Officer Wierbinski.  Because this exhibit falls within the exception discussed above and because its authenticity is not in question, the Court will consider the report in connection with

5

its Rule 12(b)(6) analysis without converting the Defendants' motion to a summary judgment motion.  The Court will also consider the second exhibit, which is a matter of public record and also a matter of which the Court can take judicial notice. *See Pension Benefit Guar. Corp.,* 998 F.2d at 1197 (defining public record to include, inter alia, criminal case dispositions, such as convictions or mistrials); *Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) (noting that "judicial opinions and docket sheets are public records, of which this court may take judicial notice in deciding a motion to dismiss"); *Dean v. Copozza*, No. CIV.A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases, and this court may take judicial notice of those dockets.").  Defendants' third exhibit does not fall within the exception for materials that the Court can consider pursuant to Rule 12(b)(6); therefore, it will not inform any part of the Court's analysis.

### III.   Discussion

Plaintiff's complaint indicates that she is asserting her claims pursuant to 42 U.S.C. §1983, which provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States."  In order to establish a valid § 1983 claim, a plaintiff must show that the defendant, while acting under color of state law, violated one or more of the plaintiff's federal constitutional or statutory rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988).  To hold the Defendants personally liable under § 1983, Plaintiff must demonstrate each Defendant's personal

6

involvement in the alleged wrongdoing. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, Plaintiff has sued two entities – the City of Erie Police Department, and the "Mayor's Office" – which are nothing more than "arms" of the City itself. Because they lack any independent legal or corporate status, they are not subject to suit under §1983. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (finding that in "Section 1983 actions, police departments cannot be sued in conjunction with municipalities," because "the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity") (internal quotation omitted); *Bonenberger v. Plymouth Twp.,* 132 F.3d 20, 29 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."); *Brown v. Cohen*, No. 09-2909, 2011 WL 2110827, at *4 (E.D. Pa. Apr. 21, 2011) ("The Third Circuit has explained that, for purposes of section 1983 liability, [a] municipality and [its] department['s] are treated as a single entity.") (citing *Bonenberger*, 132 F.3d at 25 n. 4).

To the extent Plaintiff wishes to hold the City of Erie liable under Section 1983, she must state facts that plausibly establish that an official policy, practice, or custom of the City was the "moving force" behind the alleged violation of her federal rights. *See generally City of Canton, Ohio v. Harris,* 489 U.S. 378, 388-90 (1989); *Polk Cty. v. Dodson,* 454 U.S. 312, 326 (1981); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691, (1978)). Plaintiff has not done so here.

Beyond this, Plaintiff has not identified, as a fundamental matter, which federally secured right she believes was violated. The gravamen of her complaint appears to be her belief that the police did not adequately charge and prosecute her assailant; however, there is no federal statute

7

or constitutional provision that guarantees private citizens the "right" to have third parties criminally prosecuted. Indeed, "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit." *Klein v. Met Ed*, No. 3:19-CV-725, 2020 WL 94077, at *5 (M.D. Pa. Jan. 8, 2020) (citing authority).

In any event, however, the criminal docket sheet appended to Defendants' motion shows that Plaintiff's assailant, Hector Claudio, *was* subsequently charged with, and convicted of, summary harassment in connection with the June 2, 2018 incident at Methodist Towers. ECF No. 19-2. The police report suggests that Officer Wierbinski conducted an investigation of the June 2, 2018 incident after Plaintiff protested the initial police response in front of city hall. *See* ECF No. 19-1. According to the report, Officer Wierbinski determined, through a third-party witness, that Claudio had thrown a plastic Nyquil bottle at the Plaintiff on the night in question, which hit her in the head. ECF No. 19-1. Although Plaintiff complains that the report is "bogus" and had the effect of precluding her from receiving "crisis services," she does not indicate what federal right is implicated by Wierbinski's alleged misconduct.

To the extent Plaintiff is alleging some type of due process violation in connection with her inability to obtain "crisis services," she has not alleged facts suggesting that she has a constitutionally protected property right to such services. *See Burns v. Pa. Dep't. of Corrections,* 544 F.3d 279, 285 (3d Cir. 2008) ("To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred without due process of law.") (*citing Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989)); *Nicholas v. Pennsylvania State Univ*., 227 F.3d 133, 139–

8

40 (3d Cir. 2000) ("To prevail on a non-legislative substantive due process claim, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies.") (internal quotation marks and citation omitted).  Moreover, "'[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'" *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Here, the complaint is devoid of any allegations that would permit a plausible inference that Plaintiff held a protected property interest in the receipt of crisis management services.

Even if Plaintiff had sufficiently alleged some type of constitutionally recognized property interest in the receipt of crises services, she has not alleged, for purposes of a procedural due process claim, that she was denied constitutionally adequate process to redress said deprivation. *See Mulholland v. Government Cty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013) (noting that, to state a procedural due process claim, a plaintiff must allege that: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law'").  To the extent Plaintiff is attempting to state a substantive due process claim, she has not alleged conduct on the part of any defendant that "shocks the conscience." *See Connection Training Serv. v. City of Phila.,* 358 F. App'x 315, 319 (3d Cir. 2009) (discussing the elements of a substantive due process claim); *see also Gottlieb v. Laurel Highlands Sch. Dist.,* 272 F.3d 168, 172 (3d Cir. 2001) (substantive due process is violated when state conduct is "arbitrary, or conscience shocking, in a constitutional sense") (internal quotation marks and citation omitted).

9

Plaintiff also alleges that Officer Green acted in a "racist" and "sexist" manner by allowing Plaintiff's assailant to "go sleep off his drunkenness after he beat [her]," rather than "filing a report" or "following proper protocol." ECF No. 7 at 7. Based on this allegation, the Court assumes that Plaintiff may be alleging the violation of her Fourteenth Amendment right to equal protection under the law. To establish this type of claim, Plaintiff must show: (i) the existence of purposeful discrimination, and (ii) the defendant's personal involvement in this discrimination based upon her membership in a protected class. *See Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citing *Andrews v. Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990)); *Moore v. Solanco Sch. Dist.*, No. 5:19-CV-02621, 2020 WL 3888069, at *8 (E.D. Pa. July 10, 2020). Here, Plaintiff has offered only conclusory averments that Officer Green engaged in "racist" and "sexist" conduct, without any supporting factual content; however, such allegations are insufficient to satisfy Plaintiff's pleading burden. *See Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (noting that conclusory allegations in a complaint are not entitled to a presumption of truth); *Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007) ("Although we view the allegations in the complaint in the light most favorable to the plaintiff, we need not credit bald assertions or legal conclusions. . . . [L]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted) (alteration in the original).

With respect to Defendant Outlaw, Plaintiff alleges only that he referenced Mr. Claudio's age during a meeting, remarking that she "should understand the man is over 70." ECF No. 7 at 9. Thereafter, Outlaw allegedly "continu[ed] to call" Plaintiff on the phone, asking her "What's your next move?" Id. Though Plaintiff alleges that she felt "harassed" by this conduct, it does not implicate the violation of any federally guaranteed right.

Finally, Plaintiff's complaint fails to plausibly show that the supervisory officers were personally involved in the alleged wrongdoing.  As discussed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode*, 845 F.2d at 1207.  The requisite personal involvement can be shown through allegations of the defendant's direct participation in the alleged misconduct, his/ her personal direction to others, or his/her actual knowledge of the misconduct and acquiescence therein, provided such allegations are made with the "appropriate particularity." *Id*.  Insofar as Plaintiff has named Deputy Police Chief Nolan and OIC Fuhrman as Defendants, her allegations are insufficient to demonstrate their contemporaneous personal involvement in the alleged wrongdoing.  At most, she has alleged conduct on their part that occurred after the incident in question, which failed (in her view) to remedy the alleged wrongful conduct committed by other police officers.  Again, "supervisors may be held liable for the acts of a subordinate under limited circumstances," but "such liability can only be established by showing: (1) a supervisor's personal direction or ... actual knowledge [of] and acquiescence in the wrongdoing, or (2) that a supervisor tolerated past or ongoing misbehavior." *Odi v. Alexander*, 378 F. Supp. 3d 365, 379 (E.D. Pa. 2019) (internal quotation marks and citations omitted).  "[A] supervisor's participation in after-the-fact review of alleged wrongdoing, or failure to take action to prevent repetition of misconduct, is insufficient to establish personal involvement." *Id*. (citing authority).  As pled, the complaint fails to show that Defendants Nolan or Fuhrman were personally involved in the alleged misconduct.

In sum, the Court agrees with Defendants that the complaint fails state any constitutional basis or violation of any other federal or state law to support her §1983 claim.  Without having any notice of the specific constitutional right or law that has been placed at issue in this case,

11

Defendants cannot effectively prepare an adequate response to the Complaint.  Even when construing the complaint in a liberal manner, the Court cannot plausibly infer that Plaintiff has sustained a violation of her federally guaranteed rights.

As discussed, however, the Court must grant Plaintiff an opportunity to amend her complaint, unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3rd Cir. 2002).  Here, as discussed, Plaintiff cannot successfully prosecute §1983 claims against the City of Erie Police Department and the Mayor's Office. Therefore, any further amendment of those claims would be futile.  Similarly, Plaintiff's §1983 claims predicated upon the failure of police officers to prosecute and/or file different criminal charges against her assailant cannot be successfully rehabilitated through further amendment. Accordingly, those claims will be dismissed with prejudice.  The remainder of Plaintiff's claims will be dismissed without prejudice, and with leave to amend, in accordance with the principles discussed herein.

## IV.   Conclusion

Based upon the foregoing reasons, the Defendants' motion to dismiss will be granted. Plaintiff will be given leave to amend her complaint within the parameters set forth above. Defendants' alternative motion for summary judgment will be dismissed without prejudice to be reasserted at a later point in these proceedings, if warranted.

An appropriate Order follows.

*[signature]*

SUSAN PARADISE BAXTER
United States District Judge