IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENE VENITA JOHNSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:19-cv-177-SPB |
| | ) |
| **CITY OF ERIE POLICE** | ) |
| **DEPARTMENT, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Rene Venita Johnson brought this action based on an encounter with an intruder in her apartment at a complex for senior living, Methodist Towers, where both she and the intruder reside. She brought her claims against the Erie Police Department, the Mayor's Office, and several individuals within those departments for not reacting to the incident with enough punishment or other remedies she believed were commensurate to the seriousness of the event, which she claims was an attack with resultant injuries.

On July 22, 2020, an Opinion and Order (ECF #26 and #27) were issued upon Defendants' Motion to Dismiss, wherein the court dismissed the complaint for failure to state redressable civil rights claims. The Court held that 1) Defendants were unable to effectively respond to the complaint because it did not charge violations of particular rights against particular defendants, but, in addition, 2) the factual allegations did not rise to the level of §1983 civil rights violations generally, and 3) in any event, § 1983 claims such as these cannot be prosecuted successfully against either the Police Department or the Mayor's Office, and individual Defendants cannot be held liable under civil rights laws for failing to have charged more serious crimes against the intruder.

Nonetheless, Plaintiff was given the opportunity to amend her claims within the parameters set forth in the opinion. A month later, and after the deadline for amendment had passed, Ms. Johnson filed a letter, which was docketed as a motion for clarification of the July Opinion and Order. In the letter, Ms. Johnson queried how the court could not understand her plight and the wrongs she endured. She enclosed a copy of a letter from Defendants' counsel and a request for more time to respond to the July Opinion and Order as she wished to consult legal advisors. ECF #28/29.

1

Thereafter, on September 3, 2020, Ms. Johnson filed a document entitled "Request to Proceed with Leave to Amend the Motion for Defendants' to Dismiss Complaint/or Alternative Motion for Summary Judgment" [ECF #30], wherein she recounts the charges of her original complaint and specifically lists the allegations she brings in her Complaint as:

> "VIOLATIONS OF MY CIVIL AND CRIMINAL RIGHTS
> MISCONDUCT OF CHAIN OF COMMAND; BY DISREGARDING AND
> MINIMIZED THE EXTEND OF THE SITUATION.
> DID NOT CONSIDER EVIDENT PRESENTED.
> INDIFFERENCE TO THE EVIDENCE.
> NEGLIGENT IN DOCUMENTING THE EVIDENCE.
> NEGLIGENT IN PURSUING THE EVIDENCE.
> REASONS WHY THEY VIOLATED PLAINTIFF LET SITUATION
> ESCALATE"

ECF #30, p.1 (all capital letters in original).

With the leeway provided *pro se* litigants in mind,[1] the Court concludes that Plaintiff's Complaint charges that 1) the investigation of the incident was shoddy and negligent; 2) the charges against the intruder were too light and not in accord with Plaintiff's statement of what occurred; and 3) no care was given to her trauma or consideration given to her expectations of charges that she believed should have been brought against the intruder.

As explained in the July Opinion, these charges, although understood by the Court, do not rise under the law to claims that may be brought under § 1983. *See Klein v. Met Ed*, No. 3:19-CV-725, 2020 WL 94077, at *5 (M.D. Pa. Jan. 8, 2020) ("[I]it has long been recognized that the exercise of prosecutorial discretion is a matter, 'particularly ill-suited to judicial review.' *Wayte v. United States*, 470 U.S. 598, 607, 105 S. Ct. 1524, 84 L.Ed.2d 547 (1985). Recognizing this fact, courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit.") (citing authority). In sum, Plaintiff has no constitutional right to dictate the charges law enforcement officers bring against offenders. Likewise, the federal court has no authority to dictate to state law enforcement officials whom to charge and with what charges. It follows, therefore, that there is no basis in the civil rights law for damages to be awarded to a plaintiff for these events.

In light of the foregoing, and after review of all of Plaintiff's filings,

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

IT IS HEREBY ORDERED, this 25th day of February, 2021, that Plaintiff's motion for clarification [ECF #28/29] is GRANTED insofar as the analysis above clarifies the ruling of the Court on July 22, 2021 [ECF #26 and #27]; is DISMISSED as moot insofar as it seeks an extension of time to file a response as the response filed out of time at ECF #30 has been docketed and considered; and is DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiff's "Request to Proceed with Leave to Amend the Motion for Defendants' to Dismiss Complaint/or Alternative Motion for Summary Judgment" [ECF #30], which the Court construes as a motion to amend the complaint, is DENIED with prejudice, inasmuch as further amendment along the lines suggested by Plaintiff's motion would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

There being no further matters pending before the Court in the above-captioned case, the Clerk is directed to mark this civil action "CLOSED."

*[signature: Susan Paradise Baxter]*

SUSAN PARADISE BAXTER
United States District Judge